## IN THE NORTHERN DISTRICT COURT OF GEORGIA
## NORTHERN DISTRICT COURT

| | | |
|---|---|---|
| **ALPHONSO DAVIS,** | x | Case No. |
| Plaintiff, | x | |
| v. | x | **JURY TRIAL DEMANDED** |
| | x | |
| **CITY OF ATLANTA,** | x | |
| **ATLANTA POLICE DEPARTMENT,** | x | |
| **FULTON COUNTY SHERIFFS** | x | |
| **DEPARTMENT** | x | |
| Defendant(s), | x | |

### COMPLAINT FOR DAMAGES UNDER 42 U.S.C. 1983 AND UNLAWFUL IMPRISONMENT UNDER O.C.G.A. 16-5-41

### Jurisdiction, Venue and Service of Process

1.

Now Comes Plaintiff, Alphonso Davis, by and through Counsel and files this COMPLAINT and in support there of States the following:

2.

Plaintiff is a Resident of the State of Georgia and is permitted by law to bring this action.

3.

Defendant(s) is are entities operating in the State of Georgia and under the Jurisdiction of the Federal Court and may be properly served as listed below in accordance with OCGA 9-11-4 and in accordance with Federal Service Requirements, respectively:

**Cathy Hampton**
**City of Atlanta, City Attorney Department of Law**
**68 Mitchell Street**
**Suite 4100**
**Atlanta, GA 30303**

**City of Atlanta, City Council**
**c/o Ceasar C. Mitchell**
**City of Atlanta, Council President**
**Atlanta, City Hall**
**55 Trinity Ave, S.W.**
**Second Floor East**
**Atlanta, GA 30303**

**Kasim Reed**
**City of Atlanta, Mayor**
**55 Trinity Ave, S.W.**
**Suite 2400**
**Atlanta, GA 30303**

**Atlanta Police Department**
**226 Peachtree St. SW**
**Atlanta, Georgia 30303**

**Fulton County Sheriff's Department**
**Fulton County Justice Center Tower**
**185 Central Avenue, S.W.**
**Atlanta, Georgia 30303**

**Office of the County Attorney**
**Fulton County**
**141 Pryor Street SW Suite 4038**
**Atlanta, Georgia 30303**

4.

Defendants were previously provided an ante litem notice in accordance O.C.H. A. 36-33-5.

### Count 1: 42 U.S.C. 1983

5.

Plaintiff incorporates all the above numbers 1-4 herein.

6.

Defendants are all government entities operating as agencies within the State of Georgia.

7.

Beginning on or about, March 24, 2017 at approximately 22:44 AM Plaintiff Alphonso Deunte Davis (hereafter Plaintiff) was arrested by the Atlanta Police Department.

8.

Plaintiff was brought to Grady Memorial Hospital where he was held under armed Guard by officers of the Atlanta Police Department.

9.

Plaintiff received a bond from a Fulton County Superior Court Judge of $500 on two misdemeanor allegations.

10.

Plaintiff was not permitted to see his family or make medical decisions while incarcerated at Grady Memorial Hospital.

11.

Plaintiff was not permitted to post bond to the Fulton County Sheriff's Department.

12.

Fulton County Sheriff's Department would not accept bond by family, friends or bonding

companies on behalf of Plaintiff.

13.

Plaintiff was deprived of his ability to make meaningful medical decisions on his own behalf.

14.

Plaintiff was deprived of his liberty and freedom of movement unlawfully and contrary to the intent of posting bond in misdemeanor cases such that Defendant was deprived for contact with friends and family despite a bond being issued by a Superior Court Judge for more than 10 days.

15.

Plaintiff was never put before a magistrate Judge or provided an opportunity to exercise any of his due process rights to resolve this matter.

16.

Plaintiff was denied freedom of movement and communication under armed guard by members of the Atlanta Police Department who would not release anyone to see him because he did not post bond.

17.

Plaintiff was not able to make his own medical decisions in consulting with his own physician or any physician of his choice.

18.

Plaintiff was denied any opportunity appeal or otherwise have his case heard before any Judicial officer during the illegal detention.

19.

Plaintiff, although having a bond and a warrant number, had no case number and the Fulton County Superior Court would not permit any filing for hearing without such case number.

20.

Plaintiff was repeatedly denied by the Atlanta Police Department and Fulton County Sheriff's Department any opportunity to post bond or to have a hearing with any judicial officer following and throughout the duration of his arrest.

21.

Defendant(s) made no effort whatsoever to either accept and effectuate Defendants lawful bond or enable Plaintiff to be seen or the case reviewed by a Judge to review the failure of Defendants to permit a posted bond, despite the existence of an arrest warrant and valid bond order.

22.

Plaintiff was subsequently damaged by Defendants for the amount of $250, 000.

## Count 2: O.C.G.A. 16-5-41

22.

Wherefore, all previously enumerated points are reiterated and included herein, specifically numbers 1 through 21.

23.

Plaintiff was held under unlawful arrest during the duration of his time at Grady Memorial Hospital.

24.

Plaintiff was issued a valid bond order signed by a Judge in Fulton County with the authority to set bonds in misdemeanor cases.

25.

Plaintiff was not permitted to exercise his right to post such valid bond.

26.

Plaintiff was under arrest and incarcerated without the opportunity to present himself before a Judge to exercise his due process rights or seek redress for the delay in the effectual issuing a bond as contrary to Georgia law.

27.

Plaintiff was entitled to a bond, which was set, and entitled to post the bond set and was denied by the Fulton County Sheriff's Department an option to post said bond resulting in the armed guard and illegal detention of Plaintiff.

28.

Efforts were made on behalf of Plaintiff to post bond by friends, family and bonding Companies and no bond was accepted by the Fulton County Sheriff's Department.

WHEREFORE, the Plaintiff respectfully prays the following:
a) This Complaint be filed and accepted as sufficient,
b) That this Court granted Plaintiff a judgement against Defendants in the amount of ($250,000)

c) The Court hold a hearing if such is required,

d) The Court award Plaintiff attorney's fees, costs and out of pocket expenses for having to bring this action,

e) And all other action as the Court considers just and equitable under the circumstances. Respectfully Submitted, this 23rd day of October, 2017

<u>*/s/David Haskin*</u>_____
David Haskin
Attorney for Plaintiff
Bar No. 325689

<u>*/s/Travis M. Cain*</u>_____
Travis M. Cain
Co-Counsel for Plaintiff
Bar No. 940489

Haskin and Cain, LLC
1675 Lower Roswell Road
Marietta, Georgia 30068
david@haskinlawgroup.com