IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALPHONSO DAVIS, §<br>    Plaintiff, §<br> §<br>v. §<br> §<br>CITY OF ATLANTA, GEORGIA; §<br>ET AL §<br>    Defendants. § | Civil Action No:<br>1:17-CV-04199-LMM |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED BRIEF IN SUPPORT**

**COME NOW** Defendants City of Atlanta ("City") and the City of Atlanta Police Department (collectively "City Defendants") and file this Motion to Dismiss and Incorporated Brief pursuant to Federal Rules of Civil Procedure 12(b)(6) and based on immunity. For the reasons stated within, the City Defendants respectfully move this Court to dismiss Plaintiff's Complaint ("*Complaint*") with prejudice.

**I. STATEMENT OF THE CASE**

Plaintiff Alfonso Davis ("Davis") brings the present suit against the City Defendants pursuant to 42 U.S.C. § 1983 for violations of his due process and civil rights under the U.S. Constitution. In the present suit, Davis also brings a Georgia state law claim of false imprisonment against the City Defendants.

1

## II. STATEMENT OF FACTS

On the night of March 24, 2017, an Atlanta police officer arrested Davis for two misdemeanor violations. *See* Compl. ¶¶ 7,9. Davis was transported to Grady Memorial Hospital in Atlanta, Georgia and temporarily held under the custody of the Atlanta Police until he could post bond. *Id.* at ¶¶ 8,16. At some point during his detention, Davis received a $500 bond order from a Fulton County Superior Court judge, but the Fulton County Sheriff's Office would not allow Davis to post bond or permit anyone to post bond on Davis' behalf. *Id.* at ¶¶ 9, 11-12. The Fulton County Superior Court denied Davis a hearing before a judge or judicial officer because he did not have a valid case number with the court. *Id.* at ¶¶ 18-19. During Davis' period of detention he was not allowed visitors and he was unable to choose his hospital or treating physician. *Id.* at ¶ 8.

## III. ARGUMENT AND CITATIONS OF AUTHORITY

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted and no construction of the factual allegations will support the cause of action. *See* Fed. R. Civ. P. 12(b)(6); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). When evaluating a motion to dismiss, courts

2

apply the *Twombly/Iqbal* plausibility standard. *See Surtain v. Hamlin Terrace Found.* 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam). The plausibility standard requires the court to accept Plaintiff's allegations as true and construe the complaint in his favor. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). While a court is required to accept as true the complaint's factual assertions, it is not bound to accept as true a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In evaluating the sufficiency of a plaintiff's pleadings, courts make reasonable inferences in a plaintiff's favor, "but [they] are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). While a motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint—and not the merits—a court may "dismiss a complaint on a dispositive issue of law." *Jones, Foster, Johnston & Stubbs, P.A. v. ProSight-Syndicate 1110 at Lloyd's*, 680 F. App'x 793, 796 (11th Cir. 2017).

**B. Under Georgia Law the Atlanta Police Department is not an Entity Capable of Being Sued- All Claims against the Atlanta Police Department Must Be Dismissed.**

"The capacity to be sued is determined by the law of the state in which the district court is held." *Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006); Fed.R.Civ.P. 17(b). Under Georgia law and established Eleventh Circuit precedent, police departments are not considered legal entities subject to suit. *See Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005); *Bunyon v. Burke Cty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) *aff'd,* 116 Fed.Appx. 249 (11th Cir.2004); *see also Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984)("Plaintiff cannot state a claim against the City of Atlanta Police Department because the Department is not a proper party defendant.").

The City of Atlanta Police Department is not subject to suit and all claims against the Department must be dismissed as a matter of law.

**C. Davis' Complaint Does Not Present a Viable §1983 Claim against the City.**

The Supreme Court has strictly limited municipal liability for claims brought under §1983. *See Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003)(citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). A city cannot be held liable under a *respondeat superior* theory or solely because its agent or employee causes a constitutional injury. *Monell v. Dep't of Soc. Servs. of City of*

4

*New York*, 436 U.S. 658, 691(1978). Instead, "to impose §1983 liability on a municipality, a plaintiff must show: (1) that [his] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Allegations of individualized harm are not enough to establish municipal liability arising out of an official policy or custom so as to state a plausible §1983 claim. *Purvis v. City of Atlanta*, 142 F. Supp. 3d 1337, 1343 (N.D. Ga. 2015). To survive a motion to dismiss, a plaintiff must plead sufficient facts: "(1) identifying an official policy or a widespread practice or custom that is so settled and permanent that it takes on the force of law [,] or (2) pointing "to a single decision made by a municipal official, if that municipal official is the final policymaker for the municipality with respect to the subject matter in question." *Id.* (internal quotations and citations omitted).

   Davis has failed to allege a constitutional injury caused by an official policy or custom of the City of Atlanta. When viewed in a light most favorable to Davis, his pleadings merely allege facts showing that he was individually wronged. Davis alleges that he was held under "armed guard" by an Atlanta police officer and denied the ability to post bond and the freedom to leave or make his own medical

decisions. *See* Compl. ¶ 8. Davis never alleges that his injury was caused by an "official policy" or widespread practice of the City of Atlanta. Davis has failed to plead sufficient facts to establish a plausible §1983 claim against the City of Atlanta, and his claim must be dismissed as a matter of law.

**C. Davis' State Law Claim against the City is Barred by Sovereign Immunity**

Under the Georgia Constitution, cities are immune from suit for tort liability, unless that immunity has been specifically waived by an Act of the General Assembly. *City of Atlanta v. Mitcham*, 296 Ga. 576, 578 (2015). Cities are absolutely immune from suit for acts taken in performance of a governmental function. *Id.* Governmental functions are of a "purely public nature, intended for the benefit of the public at large, without pretense of private gain to the municipality." *Id*. In *Mitcham*, the Georgia Supreme Court ruled unequivocally, that "the care and treatment of individuals in police custody [is a] purely governmental function[] related to the governmental duty to ensure public safety [.]" *Id.* at 580; *see also Purvis v. City of Atlanta*, 142 F. Supp. 3d 1337, 1350 (N.D. Ga. 2015)(" bringing someone before a judicial officer" is a governmental function).

Sovereign immunity bars Davis' state law claim against the City of Atlanta. The essence of Davis' state law claim is his treatment while in police custody.

6

Davis alleges that he was denied the opportunity to be presented before a judicial officer, post bond, or make his own medical decisions. *See* Compl. ¶¶ 16-17, 27-8. When viewed in a light most favorable to Davis, his pleadings describe exactly the type of governmental functions that exempts municipal corporations like the City of Atlanta from tort liability. Davis' complaint fails to identify any statute that specifically waives sovereign immunity in this case. Davis also never alleges that the City has done anything to waive immunity.  As a result, Davis' state law claim against the City is barred by sovereign immunity.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against the City should be dismissed with prejudice.

Respectfully submitted this 21st day of December, 2017.

*/s/ Valorri C. Jones*
**VALORRI C. JONES**
Sr. Assistant City Attorney
Georgia Bar No. 848714
Attorney for Defendant

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA  30303-3520
(404) 546-4100 *main*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ALPHONSO DAVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: |
| | § | 1:17-CV-04199-LMM |
| CITY OF ATLANTA, GEORGIA; | § | |
| ET AL | § | |
|     Defendants. | § | |

## **CERTIFICATION**

Counsel for City Defendant certifies that this brief has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Dated this 21st day of December, 2017.

                                    Respectfully submitted,

                                    */s/ Valorri C. Jones*
                                  **VALORRI C. JONES**
                                  Sr. Assistant City Attorney
                                  Georgia Bar No. 848714

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia  30303-3520
(404) 546-4178 (telephone)
(404) 225-5755 (facsimile)
vcjones@atlantaga.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ALPHONSO DAVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: |
| | § | 1:17-CV-04199-LMM |
| CITY OF ATLANTA, GEORGIA; | § | |
| ET AL | § | |
|     Defendants. | § | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2017, I electronically filed the forgoing motion with the Clerk of Court using the CM/ECF system with service on all attorneys of record electronically.

                                      */s/ Valorri C. Jones*
                                      **VALORRI C. JONES**
                                      Sr. Assistant City Attorney
                                      Georgia Bar No. 848714

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia  30303-3520
(404) 546-4178 (telephone)
(404) 225-5755 (facsimile)
vcjones@atlantaga.gov