**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Alphonso Davis, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-CV-04199-LMM |
| City of Atlanta, Atlanta Police | ) | |
| Department and Fulton County | ) | |
| Sheriffs Department | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## BRIEF IN SUPPORT OF DEFENDANT FULTON COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS

COMES NOW, Defendant Fulton County Sheriff's Office, hereinafter referred to as "Defendant," by and through its undersigned counsel, and hereby files this Brief in Support of its Motion to Dismiss the Plaintiff's Complaint.

### I.    INTRODUCTION

Plaintiff brings a 42 U.S.C. § 1983 action based upon the alleged violation of his Fourteenth Amendment rights under the United States Constitution. Plaintiff also alleges a state law claim for false imprisonment. Plaintiff seeks damages in the amount of $250,000 and requests attorney's fees, costs and out of pocket expenses. Plaintiff has filed his complaint against the City of Atlanta, Atlanta Police Department and the Fulton County Sheriffs Department [sic].

Even in viewing Plaintiff's complaint in the light most favorable to Plaintiff, Defendant Fulton County Sheriff's Office ("FCSO") must prevail because the FCSO is not an entity capable of being sued. Plaintiff's Complaint fails to state a claim upon which relief can be granted and this Court should grant Defendant's Motion to Dismiss as a matter of law.

## STATEMENT OF FACTS AS ALLEGED IN COMPLAINT

On March 24, 2017, Plaintiff was arrested by the Atlanta Police Department [Plt's Compl. ¶ 7]. As a result of that arrest, Plaintiff was brought to Grady Memorial Hospital and held under guard by officers of the Atlanta Police Department [Plt's Compl. ¶ 8]. Plaintiff asserts that he received a bond from a Fulton County Superior Court Judge, but FCSO did not permit Plaintiff to post bond. [Pl. ¶¶9, 11]. Plaintiff asserts he was deprived of his liberty and freedom of movement unlawfully; deprived of contact with friends and family; held under armed guard by members of the Atlanta Police Department who would not allow anyone to see him because he had not posted bond; and was not able to make his own medical decisions by consulting with his own physician or any physician of his choice. [Pl. ¶¶ 14, 16, 17].

Plaintiff further alleges a false imprisonment claim

2

pursuant to O.C.G.A. § 16-5-41. This is a criminal statute and is inapplicable to this civil suit. Plaintiff contends he was held under unlawful arrest during the duration of his time at Grady Memorial Hospital and despite being issued a valid bond order signed by a Judge in Fulton County, he was not permitted to exercise his right to post his bond resulting in the armed guards and his illegal detention [Pl. ¶¶ 23, 24, 25, 27].

On October 23, 2017, Plaintiff filed suit in the Northern District of Georgia against Defendants City of Atlanta, Atlanta Police Department and the Fulton County Sheriffs Department [sic].

## II.  <u>STANDARD OF REVIEW</u>

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547, 127 S. Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 545. Although the

3

facts alleged in a complaint are assumed to be true for purposes of a motion to dismiss, conclusory allegations and legal conclusions are entitled to no deference in the court's consideration of such a motion. See South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996) ("conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss") (citation omitted); Lewis v. Brautigam, 227 F.2d 124, 127 (5th Cir. 1955) ("In determining the sufficiency of the complaint, the material facts, but not the unsupported conclusions of the pleader, are considered in the light most favorable to the plaintiff").

### III. ARGUMENT AND CITATION OF AUTHORITY

**A. THE CLAIMS AGAINST DEFENDANT THE FULTON COUNTY SHERIFF'S OFFICE FAIL AS A MATTER OF LAW BECAUSE THE FULTON COUNTY SHERIFF'S OFFICE IS NOT AN ENTITY CAPABLE OF BEING SUED.**

The claims asserted against the Fulton County Sheriff's Office should be dismissed since the FCSO is not an entity capable of being sued.

In federal courts, the capacity of an entity to be sued is determined by the law of the state where the court is located. See Fed. R. Civ. P 17(b)(3). The State of Georgia recognizes only three classes as legal entities capable of suing or being sued: (1) natural persons; (2) corporations; and (3) quasi-

4

artificial persons that the law recognizes as being capable of bringing suit. Ga. Insurers Insolvency Pool v. Elbert Cnty., 258 Ga. 317, 368 S.E.2d 500, 502 (Ga.1988). A county is designated under the law as "a body corporate," and as such it may sue and be sued. Lowndes County v. Dasher, 229 Ga. 289, 191 S.E2d 82, 84 (1972). In contrast, there is no such provision in the Georgia Constitution or Code that designates a sheriff's office as a legal entity. In Harris v. Lawson, 2008 WL 4003999, the court held, "the sheriff's office is not incorporated, and it is not a 'quasi-artificial person [that] the law recognizes as being capable to sue." Id.

Georgia courts have long held that departments of local governments are not entities with the capacity to be sued. See, e.g., Brownlee v. Dalton Board of Water, 59 Ga. App. 538 (1939). The department of a local government, created to discharge the duties of that local government, "is not a separate and distinct corporate entity which is subject to suit for failure to perform, or for the violation of, any duty resting upon it...." Id. at 539. The law is well settled in Georgia that, absent a special act by the General Assembly, non-legal entities, such as school boards, police departments, and departments of local governments, are not entities with the capacity to be sued. See

5

Valades v. Uslu, 301 Ga. App. 885, 885(2) (2010); Means v. City of Atlanta Police Department, 262 Ga. App. 700, 703 (2003); Cook v. Colquitt County Board of Education, 261 Ga. 841 (1992); Tidwell v. Coweta County Board of Education, 240 Ga. App. 55 (1999); and Brownlee v. Dalton Board of Water, 59 Ga. App. 538 (1939).

In this legal action, Plaintiff has named the Fulton County Sheriff's Office as a Defendant. The FCSO is not a legal entity, unlike Fulton County, with the capacity to sue and be sued. The FCSO is not a natural person, partnership, or artificial person as recognized by the laws of the State of Georgia, which are capable of either suing or being sued. Similar to a County Board of Education or Board of Water, the Fulton County Sheriff's Office is a government department.  There is no special act of the General Assembly conferring the capacity to be sued on the Sheriff's Office.

Pursuant to Rule 17, the FCSO does not have the capacity to be sued in federal court. Thus, Plaintiff's claims against the Fulton County Sheriff's Office should be dismissed as a matter of law.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Complaint

6

should be dismissed in its entirety as to Defendant Fulton County Sheriff's Office to the extent Plaintiff has failed to state a claim for damages.

Respectfully submitted this 26<u>th</u> day of December, 2017.

**OFFICE OF THE FULTON COUNTY ATTORNEY**
Patrise Perkins-Hooker
County Attorney
Georgia Bar No.:  572378

Kaye Woodard Burwell
Deputy County Attorney
Georgia Bar No.: 775060

Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No.:  603514

<u>/s/Michelle D. Arrington</u>
Michelle D. Arrington
Assistant County Attorney
Georgia Bar No.: 023808
michelle.arrington@fultoncountyga.gov

**Attorneys for Defendants**

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0267 (Office)
(404) 730-6324 (Facsimile)

7

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Alphonso Davis,                          )
                                         )
    Plaintiff,                     )
v.                                       )   CIVIL ACTION FILE NO.
                                         )   1:17-CV-04199-LMM
City of Atlanta, Atlanta Police          )
Department and Fulton County             )
Sheriffs Department                      )
                                         )
    Defendants.                    )
_____)

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on December 26, 2017, I have presented this document in Courier New, 12 point type, and that I have electronically filed the foregoing **BRIEF IN SUPPORT OF DEFENDANT FULTON COUNTY SHERIFF'S OFFICE MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system/ which will automatically send email notification to all counsel of record and served the foregoing upon all parties of record by depositing a true and correct copy of same in the United States Mail with adequate postage affixed thereto, addressed as follows:

Travis M. Cain
J. David Haskin
Haskin and Cain, LLC
1675 Lower Roswell, Road
Marietta, Georgia 30068

8

Vera June Starks
City of Atlanta, Department of Law
55 Trinity Avenue, SW
Ste. 5000
Atlanta, Georgia 30303

This 26th day of December, 2017.


/s/  *Michelle Arrington*
Michelle Arrington
Assistant County Attorney
Georgia State Bar No.:023808

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0267 (office)
(404) 730-6324 (facsimile)

P:\CALitigation\Sheriff\Davis, Alphonso v. Fulton County Sheriff's
Department\Drafts\Brief in Support of Motion to Dismiss.docx